ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 19 2005
CLERK, U.S. DISTRICT COURT
By ___ Deputy

| | |
|---|---|
| MICHEAL ANTHONY HUGHES,[1] 556516, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 3:05-CV-676-K |
| ) | |
| GREGORY LONG and M. BOYD ) | |
| PATTERSON, ) | |
|     Defendants. ) | |

## SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The supplemental findings, conclusions and recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

### I. Type of case

Plaintiff brings this suit pursuant to 42 U.S.C. § 1983. Defendants are Magistrate Judge M. Boyd Patterson and Assistant District Attorney Gregg Long. Plaintiff paid the filing fee in this action.

### II. Background

Plaintiff states that Defendants were without authority to prosecute his criminal cases

---

[1] Plaintiff's name is sometimes listed as "Michael" or "Micheal" in this case, as well as previous cases filed by Plaintiff. Plaintiff lists his name as "Micheal" on the complaint.

**Findings and Conclusions of the**
**United States Magistrate Judge**    Page -1-

because Defendants failed to take their oaths of office and failed to file anti-bribery oaths. Plaintiff seeks to be released from confinement.

### III. Discussion

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Applying the screening procedures to Plaintiff's complaint, the Court finds Plaintiff's complaint should be dismissed.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).

In this case, Plaintiff has failed to allege the deprivation of a Constitutional or federal right. Plaintiff has alleged only that state officials failed to file oaths required under state law.

Such a claim fails to state a claim under § 1983. *See Dean v. Dretke*, No. 03-10775, slip op. at 2 (5th Cir. Feb. 2, 2004) (unpublished opinion) (finding petitioner's allegation that the trial judge failed to file an anti-bribery oath is not cognizable because "it alleges no violation of the United States Constitution or federal law."). Plaintiff's complaint should therefore be dismissed as frivolous.[2]

## RECOMMENDATION

The Court recommends that Plaintiff's complaint pursuant to 42 U.S.C. § 1983 be dismissed with prejudice as frivolous.

Signed this 19 day of April, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]Plaintiff has filed two previous civil rights complaints in this Court alleging these Defendants failed to take their oaths of office. *See Hughes v. Mays, et al.*, 3:04-CV-480-L (N.D. Tex. March 8, 2004) and *Hughes v. Mays, et al.*, 3:05-CV-179-B (N.D. Tex. Dec. 21, 2004). Both of these cases were dismissed as frivolous.

**Findings and Conclusions of the**
**United States Magistrate Judge**         Page -3-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

_____
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**        Page -4-